1  GLYNN & FINLEY, LLP
   JAMES M. HANLON, JR. Bar No. 214096
2  MORGAN K. LOPEZ, Bar No. 215513
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5  Email: jhanlon@glynnfinley.com
   Email: mlopez@glynnfinley.com
6
   Attorneys for Defendant
7  Haier US Appliance Solutions, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

12  KEMPER INDEPENDENCE INSURANCE          )    **Case No.  2:19-cv-01746-MCE-KJN**
    COMPANY,                               )
13                                         )    **STIPULATED PROTECTIVE ORDER**
                                           )    **(LOCAL RULE 141.1)**
14             Plaintiff,                  )
                                           )    Courtroom: 25
15       vs.                               )    Judge:  Magistrate Kendall J. Newman
                                           )
16  HAIER US APPLIANCE SOLUTIONS,          )
    INC.; and DOES 1 through 100, inclusive, )
17                                         )
               Defendants.                 )
18  _____ )

19

20

21

22

23

24

25

26

27

28

1.     <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

      2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  Pursuant to Local Rule 141.1(c), types of information eligible for protection under this Stipulated Protective Order include proprietary business information and trade secrets relating to products manufactured by/for the Defendant and failure investigations shared with the Consumer Product Safety Commission.  15 U.S.C. section 2055 provides that such information may be protected from public disclosure where warranted, and such is the case here.  The parties consider such information private, sensitive, and/or trade secrets and take steps to protect each of the categories of information from being disclosed to their competitors.  The parties believe that the confidentiality of this information is better protected pursuant to a written order enforceable by the Court controlling the access to and use of such Confidential Information, to the extent such Confidential Information is otherwise required to be disclosed by lawful discovery than via an agreement between the parties.

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

///

STIPULATED PROTECTIVE ORDER

1    2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

2    Producing Party.

3    3.    SCOPE

4        The protections conferred by this Stipulation and Order cover not only Protected Material

5    (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

6    copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

7    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

8    However, the protections conferred by this Stipulation and Order do not cover the following

9    information: (a) any information that is in the public domain at the time of disclosure to a

10   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

11   result of publication not involving a violation of this Order, including becoming part of the public

12   record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

13   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

14   information lawfully and under no obligation of confidentiality to the Designating Party. Any use

15   of Protected Material at trial shall be governed by a separate agreement or order.

16   4.    DURATION

17       Even after final disposition of this litigation, the confidentiality obligations imposed by this

18   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

19   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

20   defenses in this action, with or without prejudice; and (2) final judgment herein after the

21   completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

22   including the time limits for filing any motions or applications for extension of time pursuant to

23   applicable law.

24   5.    DESIGNATING PROTECTED MATERIAL

25       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

26   Non-Party that designates information or items for protection under this Order must take care to

27   limit any such designation to specific material that qualifies under the appropriate standards. The

28   Designating Party must designate for protection only those parts of material, documents, items, or

STIPULATED PROTECTIVE ORDER

1    oral or written communications that qualify – so that other portions of the material, documents,

2    items, or communications for which protection is not warranted are not swept unjustifiably within

3    the ambit of this Order.

4          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

5    to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

6    encumber or retard the case development process or to impose unnecessary expenses and burdens

7    on other parties) expose the Designating Party to sanctions.

8    If it comes to a Designating Party's attention that information or items that it designated for

9    protection do not qualify for protection, that Designating Party must promptly notify all other

10   Parties that it is withdrawing the mistaken designation.

11        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

12   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

13   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

14   designated before the material is disclosed or produced.

15        Designation in conformity with this Order requires:

16            (a)  for information in documentary form (e.g., paper or electronic documents, but

17   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

18   affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

19   or portions of the material on a page qualifies for protection, the Producing Party also must clearly

20   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

21   A Party or Non-Party that makes original documents or materials available for inspection need not

22   designate them for protection until after the inspecting Party has indicated which material it would

23   like copied and produced. During the inspection and before the designation, all of the material

24   made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

25   identified the documents it wants copied and produced, the Producing Party must determine which

26   documents, or portions thereof, qualify for protection under this Order. Then, before producing the

27   specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

28   that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

1   must give the Designating Party an opportunity to review the designated material, to reconsider the

2   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

3   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

4   has engaged in this meet and confer process first or establishes that the Designating Party is

5   unwilling to participate in the meet and confer process in a timely manner.

6       6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

7   intervention, the Designating Party shall file and serve a motion to retain confidentiality pursuant

8   to Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) within 21 days of

9   the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

10  process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied

11  by a competent declaration affirming that the movant has complied with the meet and confer

12  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

13  motion including the required declaration within 21 days (or 14 days, if applicable) shall

14  automatically waive the confidentiality designation for each challenged designation. In addition,

15  the Challenging Party may file a motion challenging a confidentiality designation at any time if

16  there is good cause for doing so, including a challenge to the designation of a deposition transcript

17  or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

18  competent declaration affirming that the movant has complied with the meet and confer

19  requirements imposed by the preceding paragraph.

20      Alternatively, upon stipulation of the parties, a challenge to a confidentiality designation

21  may be brought pursuant to the procedures set forth in this Court's Order Re: Telephonic

22  Discovery Disputes.

23      Under either alternative, the burden of persuasion shall be on the Designating Party.

24  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

25  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

26  Unless the Designating Party has waived the confidentiality designation by failing to file a motion

27  to retain confidentiality as described above, all parties shall continue to afford the material in

28  ///

1 question the level of protection to which it is entitled under the Producing Party's designation until

2 the court rules on the challenge.

3 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

4    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

5 produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

7 the categories of persons and under the conditions described in this Order. When the litigation has

8 been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

9 DISPOSITION).

10    Protected Material must be stored and maintained by a Receiving Party at a location and in

11 a secure manner that ensures that access is limited to the persons authorized under this Order.

12    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

13 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

14 information or item designated "CONFIDENTIAL" only to:

15    (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

16 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

17 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

18 Bound" that is attached hereto as Exhibit A;

19    (b)  the officers, directors, and employees (including House Counsel) of the

20 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

21 the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22    (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

23 reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

24 to Be Bound" (Exhibit A);

25    (d)  the court and its personnel;

26    (e)  court reporters and their staff, professional jury or trial consultants, mock jurors,

27 and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

28 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER

1        (f)  during their depositions, witnesses in the action to whom disclosure is

2  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

4  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

5  separately bound by the court reporter and may not be disclosed to anyone except as permitted

6  under this Stipulated Protective Order.

7        (g)  the author or recipient of a document containing the information or a custodian

8  or other person who otherwise possessed or knew the information.

9  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10       LITIGATION

11  If a Party is served with a subpoena or a court order issued in other litigation that compels

12  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

13  must:

14        (a)  promptly notify in writing the Designating Party. Such notification shall include

15  a copy of the subpoena or court order;

16        (b)  promptly notify in writing the party who caused the subpoena or order to issue in

17  the other litigation that some or all of the material covered by the subpoena or order is subject to

18  this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

19        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

20  Designating Party whose Protected Material may be affected.

21  If the Designating Party timely seeks a protective order, the Party served with the subpoena

22  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

23  before a determination by the court from which the subpoena or order issued, unless the Party has

24  obtained the Designating Party's permission. The Designating Party shall bear the burden and

25  expense of seeking protection in that court of its confidential material – and nothing in these

26  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

27  disobey a lawful directive from another court.

28  ///

STIPULATED PROTECTIVE ORDER

1  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

2          LITIGATION

3          (a)  The terms of this Order are applicable to information produced by a Non-Party

4  in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

5  connection with this litigation is protected by the remedies and relief provided by this Order.

6  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

7  additional protections.

8          (b)  In the event that a Party is required, by a valid discovery request, to produce a

9  Non-Party's confidential information in its possession, and the Party is subject to an agreement

10  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

11         (1)  promptly notify in writing the Requesting Party and the Non-Party that

12  some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

13         (2)  promptly provide the Non-Party with a copy of the Stipulated Protective

14  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

15  the information requested; and

16         (3)  make the information requested available for inspection by the Non-

17  Party.

18         (c)  If the Non-Party fails to object or seek a protective order from this court within

19  14 days of receiving the notice and accompanying information, the Receiving Party may produce

20  the Non-Party's confidential information responsive to the discovery request. If the Non-Party

21  timely seeks a protective order, the Receiving Party shall not produce any information in its

22  possession or control that is subject to the confidentiality agreement with the Non-Party before a

23  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

24  burden and expense of seeking protection in this court of its Protected Material.

25  10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27  Material to any person or in any circumstance not authorized under this Stipulated Protective

28  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

STIPULATED PROTECTIVE ORDER

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

1    issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

2    Rule 141 is denied by the court, then the Receiving Party may file the information in the public

3    record unless otherwise instructed by the court.

4    13.    FINAL DISPOSITION

5         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

6    Receiving Party must return all Protected Material to the Producing Party or destroy such material.

7    As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8    summaries, and any other format reproducing or capturing any of the Protected Material. Whether

9    the Protected Material is returned or destroyed, the Receiving Party must submit a written

10   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

11   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

12   Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

13   any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of

14   the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

15   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

16   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

17   and expert work product, even if such materials contain Protected Material. Any such archival

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATED PROTECTIVE ORDER

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 10, 2020

COZEN O'CONNOR
PETER A. LYNCH
501 West Broadway, Suite 1610
San Diego, CA 92101

By _____/s/ Peter A. Lynch_____
Attorney for Plaintiff
Kemper Independence Insurance
Company

Dated: March 10, 2020

GLYNN & FINLEY, LLP
JAMES M. HANLON, JR.
MORGAN K. LOPEZ
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____/s/ Morgan K. Lopez_____
Attorneys for Defendants
Haier US Appliance Solutions, Inc.

## **ORDER**

The Court has reviewed the parties' stipulated protective order, which complies with the relevant authorities and the Court's applicable local rule. <u>See</u> L.R. 141.1(c);[1] <u>see also</u> <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

STIPULATED PROTECTIVE ORDER

1  public can gain access to litigation documents and information produced during discovery unless

2  the party opposing disclosure shows 'good cause' why a protective order is necessary.")

3  Therefore, the Court GRANTS the request subject to the following clarification.

4       It is unclear as to the parties' intent concerning the duration of the Court's jurisdiction

5  regarding this protective order.  The Local Rules indicate that once this action is closed, "unless

6  otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any

7  protective order filed in that action."  L.R. 141.1(f).  Courts in the district generally do not agree

8  to retain jurisdiction after closure of the case, and the Court sees no reason to do so here.  See

9  e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., February 03, 2017).

10  Thus, for clarity, the undersigned informs the parties that once the case is closed, the Court will

11  not retain jurisdiction over any disputes regarding this protective order.

12  Dated:  March 12, 2020

13

14  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

15

16  kemp.1746

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Kemper Independence Insurance Company v. Haier US Appliance Solutions, Inc., et al.*, **Case No. 19-cv-01746-MCE-KJN**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____